CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BETTY ANN SIPE,  )
      Plaintiff,  )  Civil Action No. 7:06CV00402
)
v.  )  **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART,  )
Commissioner of Social Security,  )  By:   Honorable Glen E. Conrad
)        United States District Judge
      Defendant.  )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Betty Ann Sipe, was born on December 15, 1952, and eventually completed her high school education. Mrs. Sipe has worked primarily as a sewing machine operator and, more recently, a boat upholsterer. She last worked on a regular basis in 2003. On April 7, 2004, Mrs. Sipe filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on June 5, 2003 due

to pain; loss of grip in both hands; blackout spells; loss of memory; disorientation; back pain; and insomnia. Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Sipe met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §423.

Mrs. Sipe's claims were denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated January 9, 2006, the Law Judge also ruled that Mrs. Sipe is not disabled. The Law Judge found that plaintiff suffers from obesity; psoriasis; carpel tunnel syndrome with degenerative joint disease in her hands; diabetes mellitus with mild neuropathy; high blood pressure; thyroid disorder; depression/anxiety; and right shoulder impingement. Because of these impairments, the Law Judge held that Mrs. Sipe is disabled for her past relevant work activities. However, the Law Judge determined that plaintiff retains sufficient functional capacity for light exertion. The Law Judge went on to assess plaintiff's residual functional capacity as follows:

> Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; occasionally climb, balance stoop, kneel, crouch and crawl; no repetitive use of hands for fine manipulation; can do little overhead lifting; needs temperature controlled; and needs clean environment. The claimant's mental impairment impacts to the extent that she has mild reduction in ability to concentrate. (TR 22).

Given such a residual functional capacity, and after considering Mrs. Sipe's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity for several specific light, unskilled work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs.

2

Sipe is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Sipe has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Sipe has been treated for a variety of physical problems over the years. In 1993, she underwent carpal tunnel release surgery on both wrists. She has also undergone surgery for removal of a benign tumor from her breast. In more recent years, Mrs. Sipe has been treated for right shoulder pain, high blood pressure, diabetes, thyroid problems, and depression. Roentgenographic studies have revealed mild degenerative changes in her lumbosacral spine. Plaintiff also experiences a severe impairment on the basis of progressively worsening psoriasis. Her family doctor has produced a residual functional capacity report which indicates that Mrs. Sipe is disabled for anything more than sedentary levels of exertion.[1] However, the

---

[1] The court notes that, given her age, education, and prior work experience, the medical vocational guidelines would direct a determination of disabled in this case, if plaintiff is capable of performing no more than sedentary levels of work.

3

Administrative Law Judge relied on a consultative medical report which indicates that plaintiff's impairments are not incapacitating, and that she retains residual functional capacity for light levels of exertion.[2] The court believes that the Administrative Law Judge reasonably relied on the report from the consultative physician in concluding that Mrs. Sipe retains sufficient functional capacity for light exertional activity. Accordingly, the court concludes that there is substantial evidence to support the Commissioner's determination that Mrs. Sipe is not disabled.

Dr. William Humphries completed a consultative medical examination on August 13, 2004. Dr. Humphries reviewed Mrs. Sipe's medical history. His clinical examination was unremarkable. Dr. Humphries diagnosed carpal tunnel syndrome history with recurrent wrist pain; diabetes mellitus, noninsulin dependent, with mild peripheral neuropathy; controlled hypertension; controlled thyroid disease; and degenerative joint disease in the hands. Dr. Humphries assessed plaintiff's residual functional capacity as follows:

> Based on the objective findings of this evaluation, the examinee would be limited to sitting, standing and walking six hours in an eight-hour workday, lifting 50 pounds occasionally and 25 pounds frequently. She would not be able to have constant repetitive movements of both hands. She should be limited to occasional crawling. There would be no restriction on climbing, stooping, kneeling or crouching. There would be no restriction on heights, hazards, or fumes. (TR 206-07).

The court believes that the Administrative Law Judge properly determined that Dr. Humphries' assessment supports a finding of residual functional capacity for light work activity. See 20 C.F.R. §§ 404.1567(b) and 416.967(b).

Mrs. Sipe has seen Dr. Matthew Kaatz, a family practitioner, on a somewhat sporadic basis. However, the court believes that Dr. Kaatz does qualify as a treating physician. Dr. Kaatz first saw

---

[2] The medical vocational guidelines direct a determination of not disabled, assuming residual functional capacity for light exertion. The vocational expert also identified several jobs that Mrs. Sipe could perform if she retains sufficient functional capacity to perform light work activity.

4

plaintiff for complaints of persistent right shoulder pain radiating into the right arm, which Dr. Kaatz considered to be a symptom of recurrent carpal tunnel syndrome. At an earlier time, Dr. Kaatz treated Mrs. Sipe for high blood pressure, which he observed as "moderately well controlled." (TR 237). On November 23, 2005, Dr. Kaatz submitted responses to a questionnaire which indicate that Mrs. Sipe is unable to perform anything more than sedentary levels of exertion. As previously noted, the medical vocational guidelines direct a determination of disabled in this case if plaintiff is capable of no more than sedentary levels of work.

The court believes that the Law Judge properly adopted the assessment set forth in Dr. Humphries' report over that of Dr. Kaatz. Clearly, Dr. Humphries' written report is more detailed, comprehensive, and thorough than that submitted by Dr. Kaatz. Moreover, the treatment notes associated with Dr. Kaatz's treatment of Mrs. Sipe do not document the existence of such severe physical manifestations as might reasonably prevent performance of lighter forms of work activity. Most of plaintiff's medical problems, including her high blood pressure, diabetes, and thyroid condition, have proven amenable to reasonable medical control. While Mrs. Sipe undoubtedly experiences recurrence of her carpal tunnel syndrome, the vocational expert was asked to take into account her incapacity for repetitive use of her arms at the time of the administrative hearing. Despite this limitation, the vocational expert was able to identify several specific light work roles which Mrs. Sipe could be expected to perform. The court believes that the Administrative Law Judge reasonably relied on the report from Dr. Humphries, and the testimony from the vocational expert, in concluding that Mrs. Sipe retains sufficient functional capacity to perform several specific work roles existing in significant number in the national economy. It follows that the Commissioner's final decision in this case must be affirmed.

On appeal to this court, plaintiff argues that her case should be remanded to the Law Judge for additional consideration based on a new report from Dr. Kaatz. It seems that several months after the

Administrative Law Judge rendered her opinion, plaintiff submitted a one-page questionnaire completed by Dr. Kaatz, which indicates that Mrs. Sipe suffers from an impairment listed under Appendix 1 to Subpart P of the Administrative Regulations Part 404.[3] However, as noted above, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner, despite this new report from Dr. Kaatz. Citing this court's decision in the case of Alexander v. Apfel, 14 F.Supp. 2d 839 (W.D. Va. 1998), Mrs. Sipe argues that her case should be remanded so that the new questionnaire from Dr. Kaatz can be considered by the Administrative Law Judge.

It is true that this court has held that it is often necessary to remand a case to the Commissioner for further consideration when the Appeals Council fails to give reasons for concluding that new evidence submitted directly to the Appeals Council is not such as to necessitate further consideration by the Law Judge. See Alexander v. Apfel, supra, at 843. In the instant case, the Appeals Council gave no reason for concluding that Dr. Kaatz's questionnaire was not such as to justify further consideration. However, in Alexander, the court also noted that remand is sometimes unnecessary when it is clear upon review of such "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. 14 F.Supp. 2d at 844, n.3.

In the instant case, the court does not believe that the new medical evidence from Dr. Kaatz is such as to require additional consideration by the Law Judge. Contrary to the normal situation in which new evidence is submitted directly to the Appeals Council, in this case, there is no reason to believe that Mrs. Sipe could not have provided Dr. Kaatz's assessment under Appendix 1 at an earlier point in time when the matter was still being considered by the Law Judge. More fundamentally, the court does not believe that there is any reasonable basis upon which to conclude that the Law Judge could find that Mrs. Sipe suffered from a listed impairment at any time on or before the date of the Law Judge's opinion,

---

[3] If a claimant suffers from an impairment listed under Appendix 1, the administrative regulations provide that the claimant will be found to be disabled without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

even considering Dr. Kaatz's most recent submission. The listed impairment identified by Dr. Kaatz is psoriasis. The court notes that at the time she filed application for benefits, Mrs. Sipe did not even cite psoriasis as one of the causes for her disability. Moreover, Dr. Kaatz's clinical notes simply do not support a finding of psoriasis of listing level severity. For example, at the time of an examination on October 4, 2004, Dr. Kaatz characterized plaintiff's skin problem as follows:

> The extremities revealed the plaque like areas, which were consistent with psoriasis, as well as scabbed areas, which were excoriated papules with crusting but no purulence or spreading erythema associated with either type lesion. (TR 236).

Clearly, such an assessment is not consistent with the notion that plaintiff was totally disabled based on psoriasis at the time of the examination. In any event, the court notes that Dr. Kaatz's report, standing alone, meets absolutely none of the documentation requirements for a finding of a listed skin disorder under Rule 8.00(B) of Appendix 1 to Subpart P of the Administrative Regulations Part 404. Given these considerations, and inasmuch as the Administrative Law Judge has already adopted the findings of Dr. Humphries over those of Dr. Kaatz, the court concludes that review of the "interim" evidence could not reasonably be expected to result in any different disposition in Mrs. Sipe's case.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Sipe is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff has suffered from a variety of physical problems which can be expected to result in subjective distress. However, it must again be noted that most of plaintiff's physical problems have proven amenable to treatment through conservative medical measures. For that matter, there is absolutely no reason to believe, based on the existing record, that plaintiff's psoriasis could not be controlled with proper medical attention. It must be recognized that the inability to work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the

7

subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, as previously noted, the Administrative Law Judge accounted for Mrs. Sipe's recurrent carpal tunnel syndrome in assessing plaintiff's capacity for alternate work activity. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As for plaintiff's new evidence, the court believes that Mrs. Sipe's proper recourse in these circumstances is to file new applications for disability insurance benefits and supplemental security income benefits. Should plaintiff do so, the Commissioner will have the opportunity to consider all of Mrs. Sipe's physical and emotional impairments, including her progressively worsening psoriasis and carpal tunnel syndrome, in determining whether plaintiff meets the criteria for entitlement to benefits. In this context, the court notes that under the undisputed findings in this case, even assuming a residual functional capacity for light exertion, the medical vocational guidelines will direct a determination of disabled once Mrs. Sipe reaches her 55th birthday on December 15, 2007. See Rule 202.06 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Furthermore, the record reveals that Mrs. Sipe will still enjoy ensured status at that time.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This _29th_ day of January, 2007.

_____
United States District Judge

8